UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                       CASE NUMBER: 8:25-cr-76-TPB-AAS

SANJAR JAMILOV,

        Defendant.

_____/

## POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS AND INCORPORATED SENTENCING MEMORANDUM

COMES NOW, the Defendant, SANJAR JAMILOV, pursuant to 18 U.S.C. § 3553(a), hereby files his Position with Respect to Sentencing Factors and Sentencing Memorandum which he respectfully requests this Honorable Court to exercise its discretion and impose a sentence within the advisory Sentencing Guidelines, specifically time served. Mr. Jamilov has served approximately six months in custody which is at the high end of his sentencing Guidelines calculation.

The Defendant adopts the Final Presentence Report and there are no unresolved or disputed matters.

## INTRODUCTION

As reflected in the Plea Agreement, Mr. Jamilov acknowledged that he freely and voluntarily entered into the plea agreement because he was in fact guilty. When considering all the factors of the offenses, his acknowledgment of responsibility, and his remorsefulness, we respectfully request that this Court impose a sentence of time served.

1

Mr. Jamilov will be deported to his home country of Uzbekistan following sentencing. Such a sentence is one that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing as required by 18 U.S.C. § 3553(a). *See Kimbrough v. United States*, 552, U.S. 85, 101 (2007). Such a sentence will satisfy the statutory goals of sentencing and will constitute a sentence that reasonably provides just punishment, protects the public, promotes respect for the law, affords adequate deterrence and promotes rehabilitation as required by 18 U.S.C. § 3553(a)(2).

This memorandum:

(1)    addresses the factors set out in 18 U.S.C. § 3553(a), which the Court must consider in determining the sentence to impose; and

(2)    incorporates character letters from those who know Mr. Jamilov best.

## I.    *BOOKER* AND 18 U.S.C. § 3553(A)

The decision of the United States Supreme Court in *Booker* has rendered the United States Sentencing Guidelines "effectively advisory." *U.S. v. Booker*, 125 S. Ct. 738, 759-67 (2005). Pursuant to *Booker*, sentencing courts are required to consider a Defendant's guideline range, but may "tailor the sentence in light of other statutory concerns as well." *Id.* at 767 (*citing* 18 U.S.C. § 3553 (a)).

As a result of *Booker* federal district courts must consider the seven factors set forth by 18 U.S.C. § 3553 (a) in determining a sentence:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed -

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    [the applicable Sentencing Guidelines];

(5)    any pertinent [Sentencing Guidelines] policy statement;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victim of the offense.

Moreover, § 3553(a) and the 'parsimony provision' mandate that the District Court "impose a sentence sufficient but not greater than necessary," to comply with the purposes of sentencing set forth in § 3553(a)(2). Sufficiency of a sentence rather than excessiveness is echoed in 18 U.S.C. § 3582, which recognizes that "imprisonment is not an appropriate means of promoting correction and rehabilitation."

## II.    APPLYING THE FACTORS CONTAINED IN 18 U.S.C. § 3553(a)

### A.    The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

### Circumstances of the Offense

Mr. Jamilov entered a plea to the Indictment charging him with Conspiracy to Commit Voter Registration Fraud. PSR ¶ 6. The facts surrounding the charge reflects that Mr. Jamilov was initially approached by Dmitry Shushlebin who was committing fraud. While Mr. Shushlebin was deceptive in the scope of the intentions of his own fraud, Mr. Jamilov knew that what he was doing was illegal. For Mr. Jamilov's efforts, Mr. Shushlebin

paid him approximately $2,910. At no point was it Mr. Jamilov's intent or plan to illegally vote or influence any election outcome. The intent was to create a depth of illusion that these fictitious individuals existed as Mr. Shushlebin was committing a larger fraud using their fictitious identities. PSR ¶ 22. Mr. Shushlebin also used fictitious identities himself to cause Mr. Jamilov to believe there were other individuals working with Mr. Shushlebin.

The evidence as set forth in the Pre-Sentence Report is consistent with the above description.

### *History and Characteristics of the Defendant*

Mr. Jamilov is 33 years of age. Mr. Jamilov has no scorable criminal history and is a Zero Point Offender. His background and life history are offered as background information in support of his request to vary from the advisory guidelines herein.

Born in Tashkent, Uzbekistan, Mr. Jamilov grew up in a loving home and has one brother who resides in Tashkent. PSR ¶ 49-51. Mr. Jamilov is eager to reunite with his family in Uzbekistan and has a job waiting for him upon his return. Mr. Jamilov has had kidney surgery to resolve some health issues but is otherwise healthy and drug-free. PSR ¶ 53, 56. He has no history of substance abuse. He was discharged from the Uzbek military due to his kidney related medical issues.

Mr. Jamilov has a education and work history that includes a professional degree from the College of Tourism, Restaurant and Hospitality. He has specialized skills in hospitality management.

As demonstrated by the character letters attached to this memorandum, Mr. Jamilov has the support of his family and friends who value him as a beloved member of their community and family. Mr. Jamilov is not a risk to reoffend and poses no risk to the

community. He is a good man. He plans on returning to Uzbekistan and will not return to the United States under any circumstances.

### a. Criminal History

Mr. Jamilov has a criminal history score of 0, placing him in Category I. PSR ¶ 35, 42. A consideration for this Court to consider is the length of time in which he refrained from the commission of any crime as it "is a factor that is critical to a court's determination of a sentence it should impose." *See United States* v. *Ward*, 814 F. Supp. 23 (E.D. Virginia 1993) (recognizing the validity of a downward departure below the sentencing guidelines per USSG § 5K2.0 because the sentencing guidelines fail to consider the length of the time encompassing a defendant's criminal history).

Mr. Jamilov, at the age of 33, has never served an incarcerative sentence. He has now spent approximately six months in the local jail. Mr. Jamilov cooperated early and before being indicted. His sworn deposition to preserve his trial testimony is scheduled for July 29, 2025 as Mr. Shushlebin has yet to resolve his case. These factors should be given some weight when fashioning a sentence.

Mr. Jamilov has utilized his time in jail while awaiting sentencing productively. He has strengthened his grasp of the English language and has deepened his Christian religious faith. His limited participation in this offense was for minimal financial gain, specifically less than $3,000.

### B.    The Need for the Sentence Imposed

Section 3553(a)(2) lists the four purposes of sentencing, which can be summarized as: just punishment, deterrence, protection of the public, and rehabilitation.

### a. Just Punishment

A time-served, high-end of the Guidelines sentence would satisfy the goals of sentencing. Mr. Jamilov will be quickly deported to Uzbekistan following sentencing.

### b. Deterrence

A high-end Guidelines sentence for Mr. Jamilov imposes appropriate deterrence for his brief participation in Mr. Shushlebin's scheme. He had a lapse in judgment and will not engage in similar conduct. Mr. Jamilov will be prohibited from returning to the United States forever and is a convicted felon.

### c. Protection of the Public

There are no facts that suggest Mr. Jamilov is any threat to the public. He has no violence in his past and has lived a peaceful life.

### d. Rehabilitation

With regards to rehabilitation, 18 U.S.C. § 3582 rejects the notion that imprisonment is an appropriate means of promoting correction or rehabilitation:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation,

In following this provision, the advisory sentence contained in Mr. Jamilov's PSR would promote rehabilitation. A sentence of approximately six months in jail is sufficient but not greater than necessary.

### C.    The Kinds of Sentences Available

Pursuant to *Booker*, this Honorable Court has significant discretion in fashioning a sentence that is "reasonable" based on § 3553(a), including incarceration and supervised

release. In the instant case, a guidelines prison sentence would contravene 18 U.S.C. § 3553(a) and the 'Parsimony Provision' which proscribes the imposition of a sentence that is greater than necessary to achieve the statutory goals as set forth above.

### a. The Sentencing Guidelines and Guideline Policy Statements[1]

The PSR concludes that Mr. Jamilov's base offense level is 12. PSR ¶ 28. There is a two (2) level reduction for acceptance of responsibility and a two (2) level reduction for being a Zero Point Offender, placing Mr. Jamilov at a total offense level of 8, in Criminal History Category I. Consequently, the corresponding Guidelines range for a level 8 is 0-6 months incarceration.

These calculations do not consider the timely entry of the plea, the discussions contained herein, matters to be addressed by the Government regarding U.S.S.G. 5K1.1, and Mr. Jamilov's strong commitment to living a crime-free life in Uzbekistan.

These mitigating factors are acknowledged, but given no weight, in the Guidelines calculations. To further demonstrate his commitment to rehabilitation, Mr. Jamilov has fully cooperated and will testify against Mr. Shushlebin. Any reduction in his sentence proposed by the Government would not reduce his Guidelines range as he has effectively served the highest end of the Guidelines.

### b. Need to Avoid Unwarranted Sentence Disparities Among Defendants

Mr. Shushlebin is a co-defendant who was the main perpetrator and beneficiary of the fraud detailed in the PSR.

---

[1] Pursuant to *Booker,* "District courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker,* 125 S. Ct. 759-67.

c. **The Need to Provide Restitution to any Victim of the Offense**

None. The identities manufactured were fictitious.

III.    **CONCLUSION**

For the reasons stated herein, and those presented at the sentencing hearing, Mr. Jamilov respectfully requests that this Honorable Court impose a sentence of time served, which is roughly six months incarceration. Mr. Jamilov requests that he be given a sentence that is reasonable but not greater than necessary so that he can quickly return to his home country of Uzbekistan.

Respectfully Submitted,

/s/ *David Haas*
David Haas
Haas Law, PLLC
Attorney for the Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of July, 2025, a true copy of the foregoing was filed by the CM/ECF system with the Clerk of Court, which will send a notice of the electronic filing to the Office of the United States Attorney.

/s/ *David Haas*
David Haas
Haas Law, PLLC
Attorney for the Defendant
201 S. Orange Avenue, Suite 1017
Orlando, Florida 32801
Telephone: (407) 755-7675
Email: David@HaasLawPLLC.com