**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


**UNITED STATES OF AMERICA,**            )
                                         )
              **Plaintiff,**             )
                                         )
                                         ) **Case No.**
       **vs.**                           ) **8:25-CR-00076-TPB-AAS-1**
                                         )
                                         )
**DMITRY SHUSHLEBIN,**                   )
                                         )
              **Defendant.**             )

_____

**CHANGE OF PLEA HEARING**
**BEFORE THE HONORABLE AMANDA ARNOLD SANSONE**
**UNITED STATES MAGISTRATE JUDGE**

**JULY 25, 2025**
**10:13 A.M.**
**TAMPA, FLORIDA**

_____


        Proceedings transcribed via courtroom digital audio
recording by transcriptionist using computer-aided

_____

**DAVID J. COLLIER, RMR, CRR**
FEDERAL OFFICIAL COURT REPORTER
801 NORTH FLORIDA AVENUE, 7TH FLOOR
TAMPA, FLORIDA  33602

**APPEARANCES:**


**FOR THE GOVERNMENT:**


      Lindsey Nicole Schmidt

      United States Attorney's Office

      400 North Tampa Street, Suite 3200

      Tampa, Florida  33602

      (813) 274-6000



**FOR THE DEFENDANT DMITRY SHUSHLEBIN:**


      Mark J. O'Brien

      O'Brien Hatfield, PA

      511 West Bay Street, Suite 330

      Tampa, Florida  33606-3533

      (813) 228-6989

P R O C E E D I N G S

- - - o0o - - -

THE COURT:  Sorry for the delay.  Traveling all over the courthouse to get here.  This is not my normal courtroom.

Okay.  So we are here on Case Number 25-CR-76-TPB-AAS, United States versus Dmitry-- is it Shushlebin?  Am I saying that correctly?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Could counsel state their appearances, starting with counsel for the Government, please.

MS. SCHMIDT:  Good morning, Your Honor. Lindsey Schmidt on behalf of the United States.

THE COURT:  Thank you.

MR. O'BRIEN:  May it please the Court.  Good morning. My name is Mark O'Brien.

THE COURT:  Thank you.

And, Mr. Shushlebin, it's my understanding that all of us are here today because you would like to plead guilty to the new Superseding Information.  Is that your understanding also?

THE DEFENDANT:  Yes.

THE COURT:  Okay.

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  Thank you.

And what I'm going to do today is I'm going to ask

you a series of questions about you and about your case.  If at any time you don't understand a question that I ask you, that's okay, but you need to tell me that you don't understand it, otherwise if you answer the question I will assume that you did understand it.  If you want to speak to Mr. O'Brien, your attorney, at any time during this hearing, that's also not a problem, please just go ahead and tell me, that way Mr. Smith can mute all of the microphones in the courtroom.  Even though you have the ability to mute the microphone right in front of you, there are several in the courtroom, so if we mute them all at once, that makes sure that nothing you say to Mr. O'Brien or that he says to you is recorded, okay?

THE DEFENDANT:  Yeah.  Yes, ma'am.

THE COURT:  And then we're going to go over several documents today, we're going to go over the Superseding Information, we're going to go over the Notice that the Government filed, and then we're also going to go over the waiver of Indictment, and generally I'll summarize those documents as I go over them, but to the extent that you want me to read a section to you word-for-word, that's not a problem, just let me know.

The rest of the questions I'm going to ask you today I'm going to ask you while you are under oath, so you need to understand that if you answer any of my questions falsely, those answers could later be used against you in a separate

prosecution for perjury and false statement.  Do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Great.

And, Mr. Smith, if you could go ahead and administer the oath, please.

COURTROOM DEPUTY:  Please stand and raise your right hand to be sworn.

Do you solemnly swear or affirm, under penalty of perjury, that the answers you shall give to the questions propounded by this Court will be the truth, the whole truth and nothing but the truth?

THE DEFENDANT:  Yes.

COURTROOM DEPUTY:  Please state your full name for the record.

THE DEFENDANT:  Dmitry Shushlebin.

COURTROOM DEPUTY:  Thank you.  You may be seated.

THE COURT:  And, Mr. Shushlebin, how far did you go in school?

THE DEFENDANT:  University.

THE COURT:  Was that in Russia or was that in the United States?

THE DEFENDANT:  In Russia.

THE COURT:  Okay.  And, you know, obviously so far it seems to me that you have no problem understanding English, and

clearly you have no problem speaking English, but let me just go ahead and put that on the record. Are you having any problem yet understanding anything that I ask you?

THE DEFENDANT: No, ma'am. No. No.

THE COURT: Okay. And if at any time you do, do you feel comfortable telling me that you do?

THE DEFENDANT: Uh-huh. Yes.

THE COURT: Okay.

THE DEFENDANT: Yes, Your Honor.

THE COURT: And have you been treated recently for any mental illness?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you been treated recently for any addiction to narcotic drugs?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you currently taking any medications?

THE DEFENDANT: No, Your Honor.

THE COURT: And is there anything else that could affect your ability to understand my questions today?

THE DEFENDANT: No, Your Honor.

THE COURT: Mr. O'Brien, have you had any concerns at all about Mr. Shushlebin's competency while representing him?

MR. O'BRIEN: No, Your Honor.

THE COURT: Mr. Shushlebin, you have the right to plead guilty in front of either me or Judge Barber.

Judge Barber is the District Judge assigned to your case, he's the Judge that ultimately you will have your sentencing before, and I'm the magistrate judge assigned to your case.  I'm looking here at a notice that you and Mr. O'Brien signed, and in that notice it says that you are willing to go forward with this hearing before me today.  Is that still what you are willing to do?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Let's go over this Superseding Information.  It was filed yesterday, July 24th.  Have you had a chance to go over that Superseding Information yet with Mr. O'Brien?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And you have the Constitutional right to be charged by way of an Indictment, and as you know from earlier in this case, an Indictment is a formal charge returned by a grand jury.  This is not an Indictment, this is instead an Information, so this is a formal accusation by a prosecutor. So in order to submit this Superseding Information, the prosecutor did not present these -- this document to a grand jury for a probable cause determination, so in order for you to be charged by Information, you have to waive your Constitutional right to be charged by an Indictment.

Let me just first ask you, do you understand that you have a right to be charged by an Indictment and you have a

right to have a grand jury consider your case and determine that there's probable cause for charges to be brought against you?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And do you -- I'm looking here at the waiver of Indictment that you and Mr. O'Brien have already filed.  Now, I'm just going to -- it says in here that you were advised in open court of your rights and the nature of these proposed charges.  I'll go ahead and go over the charges in a second.  It does say that you waived your right to prosecution by an Indictment and you consent to prosecution by Information, so I just want to hear from you directly, do you still waive your right to an Indictment?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  I'm going to sign off on this.

Let's go over the charges just very briefly in the Superseding Information.

So Count One charges you with a conspiracy, and that covers several pages of the Superseding Information, from pages 1 to 7, and that's charged in violation of 18 United States Code Section 371; count Two is a wire fraud charge, in violation of 18 United States Code Section 1343; count Three is a false statements charge, in violation of 18 United States Code 1001(a)(2); and then Count Four charges you with aggravated identity theft, in violation of 18 United States

Code Section 1028A(a)(1).

Have you fully discussed the four charges in this Superseding Information with your attorney, Mr. O'Brien?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you discussed with him all of your options in this case, including your option to go to trial if you wanted to go to trial?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Has Mr. O'Brien done everything for you in this case that you have asked him to do for you in this case?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Are you fully satisfied with the advice and the representation that you have received from Mr. O'Brien?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And, Mr. O'Brien, did you have any discussions with the Government about the Government providing a plea agreement to you to go over with Mr. Shushlebin?

MR. O'BRIEN:  Yes, Your Honor.

THE COURT:  And obviously today he's here before me on a notice.  Based on your discussions with the Government, your discussions with Mr. Shushlebin, was it ultimately decided that he would -- it was in his best interest to proceed by way of a Superseding Information and the Notice of Maximum Penalties, Elements, and the Factual Basis?

MR. O'BRIEN:  After discussion, that was his choice, Your Honor.

THE COURT:  Okay.  And let me just ask you, Mr. Shushlebin, are you satisfied with your decision to go forward and plead guilty to the charges in the Superseding Information by way of this notice as opposed to a plea agreement?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Has anyone made any promises to you to get you to plead guilty today?

THE DEFENDANT:  No, Your Honor.

THE COURT:  And, Mr. O'Brien, are you aware of any promises that have been made to Mr. Shushlebin?

MR. O'BRIEN:  No, Your Honor.

THE COURT:  And then for the Government, Ms. Schmidt, are you aware of any promises that have been made to Mr. Shushlebin?

MS. SCHMIDT:  No, Your Honor.

THE COURT:  Mr. Shushlebin, has anyone threatened you, coerced you, or otherwise forced you in any way to plead guilty in this case?

THE DEFENDANT:  No, Your Honor.

THE COURT:  So are you pleading guilty freely and voluntarily?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And is that a decision that you made after speaking to your attorney, Mr. O'Brien?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that the charges that you are pleading guilty to today are considered Federal felonies in the United States?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And let me ask you, are you a United States citizen or are you a citizen of Russia?

THE DEFENDANT:  Russia.

THE COURT:  You're a Russian citizen?  Okay.

So do you understand that because you are not a citizen of the United States, pleading guilty today to these charges may subject you to deportation and could prevent you from obtaining United States citizenship if that was something that you wanted to do?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you also understand that once you are adjudicated guilty, even if for some reason you were able to remain in the United States, and I don't expect that you would, but even if you could, that that adjudication may deprive you still of valuable civil rights, such as any right to vote, any right to hold public office, or any right to possess a firearm?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Looking at the Notice that the Government

filed -- and the way it's done in this notice is it's broken out by count and by penalty. What I'm going to do first is I'm going to focus on the penalties for each count, so you'll see after each of the four counts there's a small paragraph that's titled Penalty.

So starting on page 2, it outlines what the penalty is for Count One, which is the conspiracy count, and it says that the maximum sentence for that count is five years of imprisonment, a fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100, and then it goes on to say that the Court could order you to make restitution to any victims of the -- of Count One and to the community.

And then skipping to page 3, for Count Two, which is the wire fraud, that paragraph there says that for the wire fraud count you're facing a maximum sentence of 20 years imprisonment, a fine of $250,000, or twice the gross gain caused by the wire fraud, or twice the gross loss caused by the wire fraud, whichever is greater, a term of supervised release of not more than three years, and a special assessment of $100, and it also says that you can be required to forfeit property.

For Count Three, false statement, on the bottom of page 3, the penalty for that is a maximum sentence of five years, a fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100 for

that felony count.

Count Four, I'm now on page 4, the penalty there, this is for aggravated identity theft, the penalty for Count Four is a mandatory minimum sentence of two years, so this is the first count you have with a mandatory minimum, and that that must run consecutive to any other sentence, a term of supervised release of not more than one year, and a special assessment of $100.

So I've sort of addressed them all separately. Let me address them a little bit more collectively.

So as I've already indicated, only one of these has a mandatory minimum, and that is Count Four, and that's the two years required in addition to any other sentence that you get. So for Count Four at least that two years has to be consecutive to any other sentence.

Now, for the other three counts you're not facing a minimum mandatory, but you do have a maximum sentence for each one, so the longest one is for the wire fraud, but the maximum -- the statutory maximum you're facing is 20 years, and then for count -- the conspiracy and for the false statement, the maximum sentence is five years. So those other counts, Counts One through Three, those sentences could be concurrent, in other words, those could be sort of at the same time, but again, that Count Four sentence would then be consecutive to whatever is -- whatever you're ordered to serve for Counts One

through Three.  Do you understand that so far?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  And then there's a reference to a fine in each one of these counts, and then there's also -- just skipping over supervised release for a moment, there's also a reference for each of these to a special assessment, so that's $100 for each of these, so a total of $400 for the four -- the four felonies, $100 per each is going to be your special assessment.

But then there's also the reference to supervised release.  So for the conspiracy, the term of supervised release is not more than three years; for the wire fraud, let's see, also not more than three years; false statement, not more than three years; and then aggravated identity theft, not more than one year.  So overall you're facing supervised release of not more than three years.

Supervised release is part of your sentence, so after you are released from prison, you are placed on what's called supervised release, and you have restrictions placed on you.

As I've already told you, I fully expect that you'll be deported after you serve your term of imprisonment, but you will still have a term of supervised release as part of your sentence.  Now, that's important in a situation where someone has been deported even, because if you are arrested again by the United States authorities during that term of supervised

release, which for you could be as long as three years, you could be brought back to this Court for violating your supervised release in addition to being charged with a new crime out of the another court somewhere in the United States. Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And then there's also references in the -- for each of the penalties, so, for example, the reference to restitution, the reference to forfeiture, that's also potential punishment that you are facing.

So do you understand all of the potential punishment consequences of your guilty pleas today?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  So I'm going to take a couple minutes now, Mr. Shushlebin, to go over with you what the next steps are in the process.

Once Judge Barber accepts your plea, the next step is that a probation officer is going to prepare a very detailed report to assist Judge Barber in deciding what sentence to give you.  It's detailed about your personal history and the facts of this case.  It also includes in it the probation officer's opinion of what guidelines apply to you and what your advisory sentencing guideline range should be.  Before Judge Barber looks at that report though, Mr. O'Brien is going to go over it with you, and if you disagree with anything in that report then

Mr. O'Brien can make objections to the probation officer and ask the probation officer to make changes to the report.  The Government has the same right.  The Government can also make objections to what's in that report.  If the probation officer refuses to make changes based on your objections or based on the Government's objections, whoever made those objections preserves those objections and can make those same objections directly to Judge Barber at your sentencing.  Do you understand that as well?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Then when you are at your sentencing, Judge Barber is going to give you a chance to speak directly to him, if you would like to speak directly to him.  He's also going to give the attorneys the time that they need to present any evidence or information that's relevant to your sentencing. He will also -- he'll rule on any outstanding objections to what's in that probation officer's report, so if there's still objections that you have, that the Government has, he'll rule on those, and then ultimately Judge Barber is going to determine what he thinks is the appropriate guidelines that apply to your case and the appropriate guideline range, and then he's going to look at the sentencing statute and all of its factors, and ultimately Judge Barber is going to give you a sentence that in his opinion is reasonable under the law.

So do you understand that part of the process?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  So I fully expect that Mr. O'Brien has given you his opinion of what he thinks you're facing in terms of a potential sentence for each of these counts.  He's probably also shown you the sentencing guidelines and where he thinks -- what he thinks your guidelines may be and where you may score out, and Mr. O'Brien can give you his opinion based on his experience with the sentencing guidelines, with these types of charges, and with Judge Barber, but all you can expect of Mr. O'Brien is that he give you his opinion, his best educated guess, and that's because ultimately your sentence is not up to your attorney, it's not up to the Government, it's not up to me, it's only up to Judge Barber.  Do you understand that also?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  So if you are unhappy with your sentence when you're at your sentencing, that's not a reason that you can withdraw your plea of guilty.  Do you understand that too?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  Say it a little louder.

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  Also, if -- when you get the probation officer's report, it's going to include in there what the probation officer thinks is the appropriate sentence and sentencing guideline range for you, and if you're unhappy with

the numbers that you're seeing in that report, that's also not a reason that you can withdraw your plea of guilty.  Do you understand that too?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  By pleading guilty to these four counts today also you are not only admitting those criminal charges in the Superseding Information, but you're also giving up Constitutional rights that you have because you were arrested in the United States, so I'm going to take a moment now to go over those rights with you to make sure you understand those rights and also to make sure that you understand that you're giving up those rights if you plead guilty.

First, you do have the right to continue to plead not guilty.  You would then have a right to a jury trial.  You would be presumed innocent, and the Government must prove the charges against you beyond a reasonable doubt, and the jury would have to unanimously agree that you were guilty of each of the crimes charged in the Superseding Information before you could be convicted of each of those crimes.

You have the right to the effective assistance of counsel in your defense at all stages of the proceedings, and that would include at your trial.  That also includes the right to appointed counsel if you could no longer afford counsel.

You have the right to see and hear all the Government's witnesses, and you also have the right to

cross-examine those witnesses in your defense.

You have the right to testify in your defense, but you also have the right to decide that you do not want to testify, and if you do not -- if you decide you do not want to testify, that decision cannot be used against you.  And you have the right to issue subpoenas to compel people to come to your trial and testify as witnesses in your defense.

Mr. Shushlebin, do you understand that you have those Constitutional rights?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you also understand that by pleading guilty today to Counts One through Four, there is not going to be a trial and you are giving up those rights?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you also understand that by pleading guilty you are also going to be giving up your right to assert any defenses to these charges and to challenge the way the Government obtained the evidence, and so that's also something you're going to be giving up today by pleading guilty to these four charges?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  So looking back at the Notice -- before, I skipped over what the elements were for each of these counts, and so now I'm going to go over that, because this is what the Government has to prove for each of these counts.

So Count One, again, is the conspiracy count, specifically conspiracy to give false information in registering to vote, and there are four elements for that count:  First, that two or more people in some way agreed to try to accomplish a shared and unlawful plan to give false information in registering to vote, and specifically that's in violation of 52 United States Code Section 10307(c), and to submit fraudulent voter registrations, in violation of 52 United States Code Section 2511(2)(A); second, that you knew the unlawful purpose of the plan and willfully joined in it; third, that during the conspiracy one of the conspirators knowingly engaged in at least one overt act as described, here it says in the Indictment, but really the Superseding Information; and, fourth, the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

Then Count Two is wire fraud, and there are four elements for wire fraud:  First, that you knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations or promises; second, the false pretenses, representations or promises were about a material fact; third, that you acted with the intent to defraud; and, fourth, that you transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

Third is false statement, and there are five elements for this:  That you made the statement as charged; second, that the statement was false; third, the falsity contained a material matter; fourth, that you acted willfully, knowing that the statement was false; and, fifth, that the false statement was made or used for a matter within the jurisdiction of a Department of the United States.

And then aggravated identity theft, Count Four, there are three elements:  First, that you knowingly transferred, possessed or used another person's means of identification or identification documents; second, that you did so without lawful authority; and, third, that you did so during and in relation to the violation of 18 U.S.C. 1001 charged in Count Three, in other words, the false statement charge.

So do you understand what the Government has to prove for each of these counts?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  So the last thing that I have to do, Mr. Shushlebin, is determine if there's a factual basis in support of these elements.

And let me ask you, Mr. O'Brien, first, there is a section, it's lengthy, within the Notice, the Factual Basis section that the Government filed.  Is this something that the Government consulted with you during the process?  I know sometimes it's handled different ways.  Or is this really truly

a unilateral factual basis that the Government did?

MR. O'BRIEN:  Judge, I knew that they were going to be filing a factual basis.  We had discussions on what should be in it.  At the end of the day, they wrote what they felt was appropriate.  I will simply state to the Court that it is my position the law does not require an individual who pleads open to the Court to agree to the factual basis, outside of the fact that the Government in this case can prove each element of each of the four offenses of the Superseding Information beyond a reasonable doubt, and my client is prepared to do so.  However, Judge, in the factual basis there are a lot of facts that do not apply to the elements of each offense, but rather apply to, in my view, guideline enhancements that I am not prepared to agree to today.

THE COURT:  Okay.  So let's do this.  Mr. Shushlebin, what I'm going to do is I'm going to ask you -- since there are several counts, I'm going to try to break it up, which means there may be some repetitive questioning.  I'm going to focus my questions on each separate count.

I'm going to ask you a series of questions rather than relying on the Notice that the Government filed.  As I ask you these questions, and I'm going to do my best to make them as simple as possible, that may not mean that I make them as simple as possible, so you need to tell me when they're not simple, but that also means that you need to give Mr. O'Brien

an opportunity, if he doesn't like my question, to be able to tell me that he doesn't like my question.  In other words, hesitate before you answer any question so that he can stand up or speak or in some way tell me he doesn't like my question before you answer it, because he -- he needs to be able to do that.

So I'm going to ask you the questions that I have. If Mr. O'Brien doesn't speak or doesn't stand up, then that should also be a signal to you to go ahead and answer the question.

When I'm finished asking you the questions I have, I'm going to give the Government an opportunity to make sure that they don't think that I left anything out, and then -- and then I'll also give Mr. O'Brien another opportunity if he thinks anything needs to be clarified or cleaned up before we finish, okay?

MR. O'BRIEN:  May I have one moment, Your Honor?

THE COURT:  Go.  Sure.

MR. O'BRIEN:  Thank you, Your Honor.

THE COURT:  Thank you.

Okay.  So, Mr. Shushlebin, the timeframe in the -- in the Superseding Information, at least in Count One, is from November of 2022 -- well, at least as early as in or around November 2022, so maybe earlier, and continuing until April of 2023.  So let me -- so my first question for you is:  Do you

understand that to be the timeframe in the conspiracy count?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  So during that timeframe were you living in the United States?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And during that timeframe were you also involved in submitting voter registrations to the Pinellas County Supervisor of Elections?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And you may want to slow down a little bit just to give Mr. O'Brien an opportunity to say anything at any time.

And in submitting voter registrations to Pinellas County Supervisor of Elections, were you working with somebody, at least one other person, in submitting the voter registrations?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And in submitting -- and I'm not ascribing a specific amount, but was it at least more than one voter registration that you submitted to the Pinellas County Supervisor of Elections?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And was at least one of those voter registrations false and fraudulent?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  In other words, was it in the name of a fictitious individual?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And did you know that the information in that voter registration form was false when it was being submitted?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And did you know that the person -- you and the other person that you were -- you were engaged with, did you know that it was an unlawful plan to submit that voter registration form?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  But yet did you willfully join that plan, in other words, was it something you willfully did instead of something that you were being forced to do?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And feel free if you need to talk to Mr. O'Brien before answering this question, but what is an overt act of that conspiracy that you're willing to admit that you -- that you engaged in?

And if you need to talk to Mr. O'Brien, you can.

THE DEFENDANT:  I submitted fictitious person voter applications.

THE COURT:  So you actually submitted one of them yourself?

THE DEFENDANT: Yes.

THE COURT: And when you did that, did you know -- was it done with the purpose of accomplishing the object of the conspiracy?

THE DEFENDANT: Yes, Your Honor.

THE COURT: In other words, the object really was to do that, so were you doing that knowing that that was intended to accomplish that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: So let me just take a moment.

So, Ms. Schmidt, for the conspiracy count at least, does the Government think we've established a sufficient factual basis?

MS. SCHMIDT: Your Honor, I would just note that in the Superseding Indictment itself, the manner and the means has specific elements specifically listed out. I don't believe we hit all of those. I know that the Court is trying to get through the specific elements, but I think for the manner and means as pled in the Superseding Information, I think we might need a little more detail on the facts.

THE COURT: So, Mr. Shushlebin, if you want to look at page 4 of the Superseding Information --

MR. O'BRIEN: One moment, Your Honor.

THE COURT: Sure. If you could just look at it with Mr. O'Brien.

MR. O'BRIEN:  Your Honor, Mr. Shushlebin has a hard copy of the Superseding Information.  I have it on my iPad.

THE COURT:  Okay.

MR. O'BRIEN:  We're on page 4.

THE COURT:  And, again, feel free to talk to Mr. O'Brien about this, but what I'm hearing from the Government is they want to understand whether you're specifically willing to admit to the manner and means as outlined on page 4 of the Superseding Information.

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  Anything else from the Government's perspective for Count One?

MS. SCHMIDT:  Nothing for Count One, Your Honor. Thank you.

THE COURT:  Okay.  So let's go ahead and address then Count Two, this is the wire fraud count, and it appears that the main thrust of the wire fraud allegations has to do with these credit card applications and other financial documents to create a history for fictitious entities.

So let me just specifically ask you, there's one referenced in the Notice and also in the Indictment about -- well, an individual by the name of Ariel Elston at the company of Amaro Dental, and it gives a specific date of on or about January 6th of 2023, and so let me just ask you, on or about January 6th of 2023, did you transmit a wire for an application

for a loan from a bank for dental services to be provided to Ariel Elston at Amaro Dental in Clearwater?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And in doing so, did you know that that was a false application?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And was it being submitted -- well, and did you also know that it was false about a material fact?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And when you were submitting it, were you doing so with the intent to defraud?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And did you submit it online, is that how you submitted it?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Anything else from the Government for Count Two for the wire fraud?

MS. SCHMIDT:  Your Honor, on Count Two, on the wire fraud, I'd also point to the same manner and means on page 9 of the Superseding Information.  9 and I think it goes over a little bit into paragraph 10 as well.

THE COURT:  So let me just give Mr. O'Brien a chance to look over that with his client.

MS. SCHMIDT:  Yes, Your Honor.

MR. O'BRIEN:  Judge, I do appreciate the Government's

position.  I take a different one, that in this particular situation, given that it's an open plea, so long as my client agrees that the Government could prove each element of each offense beyond a reasonable doubt, that is sufficient to accept his guilty plea.  I would encourage the Court to allow him to answer questions related directly to the elements of each offense and ask him if he agrees that the Government can prove its case beyond a reasonable doubt or each element beyond a reasonable doubt, and I think that satisfies the law for an open plea.

THE COURT:  Okay.  Well, looking at Count Two, looking at those, I think my targeted questions have already addressed this, but looking at the elements of Count Two on page 2 of the -- of the notice, Mr. Shushlebin, do you think that the Government could prove those four elements beyond a reasonable doubt?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Go ahead and go to Count Three, the false statement count, and in this count -- let's see.

In this count what you've been charged with is falsely claiming to be L.S. in a United States Postal Service form titled Application for Delivery of Mail Through Agent. So do you admit that you made that -- that you claimed to be L.S. in that form?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And do you admit that that statement was false?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And do you admit that that -- that the Government can prove beyond a reasonable doubt that that falsity contained a material matter?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And in making that false statement, did you act willfully, knowing that the statement was false?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And then do you also agree that the Government can prove beyond a reasonable doubt that that false statement was made or used for a matter within the jurisdiction of a Department of the United States?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Anything from the Government more on Count Three?

MS. SCHMIDT:  Not on Count Three, Your Honor.

THE COURT:  And then Count Four is the last count, this is the aggravated identity theft, and in this count, Mr. Shushlebin, you're charged that on or about August 16th of 2021, that you used the identification of someone with the initials L.S., specifically you used a New York City identification card belonging to L.S., and so do you admit that you did in fact use L.S.'s New York City identification card?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And do you admit that you did so without lawful authority to use it?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And did you use that New York City identification card in connection with Count Three, which, again, is the false statement count?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Anything else from the Government for Count Four?

MS. SCHMIDT:  Not on Count Four, Your Honor.

THE COURT:  Okay.  Anything else, Mr. O'Brien, that you want to address with regard to the factual basis?

MR. O'BRIEN:  No, Judge.  Thank you.

THE COURT:  So I do find that there is a sufficient factual basis for each of the four counts, so, Mr. Shushlebin, I'm ready to take your pleas when you are, and you can show me when you are ready by standing up.

MS. SCHMIDT:  Your Honor, before we get there, can I just raise one point on the manner and means portion of the -- the wire fraud?

THE COURT:  Go ahead.

MS. SCHMIDT:  I just want to make sure for the record that it's clear that the United States' position is that in order to plead to the count of the wire fraud in conjunction

with the conspiracy, given the overlap, in essence the conspiracy was to submit fraudulent voter applications along with seasoning the identities to make them appear real, which is part of the voter fraud, that we sufficiently have just admitted those facts for purposes of admitting the underlying crime of the wire fraud, Your Honor.

THE COURT:  Okay.  So let me -- let me go ahead and address -- so in addition to just submitting the applications themselves, Mr. Shushlebin, are you willing to admit that there was additional work done in order to make those individuals seem more legitimate?

So Ms Schmidt is using the word "seasoning," but it seems that there was additional work done to maybe create financial accounts and other work.

I guess before we just addressed that one, the one that you were willing to admit to, so let's just address for that -- for that one again.

All right.  Are you willing to admit for that one?

THE DEFENDANT:  Yes, Your Honor.  Yes, Your Honor.

THE COURT:  Is that sufficient then for the Government?

MS. SCHMIDT:  Yes, Your Honor.

THE COURT:  Okay.  So let's go ahead and go through the different counts.

So Count One is conspiracy to give false information

in registering to vote.  How do you plead to that count, guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  Thank you.

The second is the wire fraud count.  How do you plead to that count, guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  The third is false statement.  Guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  And then the last one is aggravated identity theft.  Guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  Thank you, Mr. Shushlebin.

And, Mr. O'Brien, are you satisfied that your client is pleading guilty knowingly and voluntarily and with a full understanding of the consequences of his guilty plea?

MR. O'BRIEN:  I am.

THE COURT:  Anything you think I should have covered today that I did not cover?

MR. O'BRIEN:  No, Your Honor.

THE COURT:  You're welcome to both be seated if you'd like.

Anything from the Government that you think I need to cover today that I did not cover?

MS. SCHMIDT:  Nothing from the United States, Your Honor.  Thank you.

THE COURT:  I find that Mr. Shushlebin is fully competent and that he's capable of entering informed guilty pleas.  I find that he is aware of the nature of these four charges in the Superseding Information and that he's aware of the consequences of pleading guilty.  I find that his pleas of guilty are knowing and voluntary and that they're supported by facts addressing each of the essential elements for each of these counts.

In my report to Judge Barber I will recommend that his pleas of guilty be accepted and that he be adjudged guilty and have a sentencing date set accordingly.

Anything else from the Government?

MS. SCHMIDT:  Nothing from the United States, Your Honor.  Thank you.

THE COURT:  Anything else, Mr. O'Brien?

MR. O'BRIEN:  No, Your Honor.  Thank you.

THE COURT:  Thank you.  We're in recess.

- - - - -

(Proceedings concluded at 10:59 a.m.)

- - - - -

C E R T I F I C A T E

This is to certify that the foregoing transcript of proceedings taken in a change of plea hearing in the United States District Court is a true and accurate transcript of the proceedings taken by me in machine shorthand from a digital audio recording and transcribed by computer under my supervision, this the 12th day of March, 2026.


/S/ DAVID J. COLLIER


DAVID J. COLLIER

OFFICIAL COURT REPORTER